IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Steven Scott, | ) | Civil Action No. 6:19-0384-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Scott Lewis, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant Officer Brown be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 65.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Defendant Brown.

I. **Background**

Plaintiff is a *pro se* incarcerated person alleging constitutional violations pursuant to 42 U.S.C. § 1983. The Magistrate Judge issued an order authorizing service of process and notifying Plaintiff of his responsibility to provide information sufficient to serve Defendants and warning of dismissal pursuant to Rule 4(m) if service was not achieved within ninety days. (Dkt. No. 12.) The summons to Defendant Brown was returned unexecuted because he could not be identified based on the information provided by Plaintiff. The Magistrate Judge again issued an order notifying Plaintiff of potential Rule 4(m) consequences. (Dkt. No. 31.) Plaintiff provided a new summons identifying Defendant Brown's full name, but it was again returned unexecuted because Defendant could not be found or identified. (Dkt. No. 55.) The Magistrate Judge ordered Plaintiff to show good cause for failure to provide adequate service information. (Dkt. No. 57.) The deadline to respond passed and Plaintiff filed no response.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m). Here, because Plaintiff filed his complaint *pro se* and *in forma pauperis*, the ninety-day period began to run on the date the summons was issued, March 8, 2019, rather than during initial case review. (Dkt. No. 14.) Tolling the time between May 8, 2019 and June 3, 2019, during which Plaintiff was provided time to submit a new summons and Form USM 285 for Defendant Brown, the ninety-day deadline has since expired. Defendant Brown has not been served nor has Plaintiff shown good cause.

Plaintiff now objects to the R & R, stating that the Office of the General Counsel informed him on May 7, 2019 that Defendant Brown was named Ervin Brown, and that Plaintiff thereafter submitted amended forms to the district court in Columbia, South Carolina and mailed out the amended summons and complaint on May 8, 2019. (Dkt. No. 67.) There is no indication on the docket that Defendant Brown has been served with an amended summons and complaint and, as noted, and a summons was most recently returned unexecuted as to Erwin Brown on June 23, 2019. (Dkt. No. 55.) The Court therefore finds that dismissal of Defendant Brown is required by Rule 4(m).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 65) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** Defendant Brown.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 9, 2019
Charleston, South Carolina